IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BETTY KNOX                                                     PLAINTIFF

        v.                      Civil No. 05-5127

JO ANNE B. BARNHART, Commissioner
Social Security Administration                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Betty Knox brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural and Factual Background**

The medical records and factual background were provided in the court's prior memorandum opinion, and thus will not recited here. *See Knox v. Social Security Administration Commissioner*, Civil No. 03-5183.

The plaintiff filed her application for DIB on April 23, 2002, alleging an onset date of January 4, 2002. (Tr. 75.) The application was initially denied (Tr. 30-31) and that denial was upheld upon reconsideration (Tr. 32-33). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). (Tr. 5.)

On March 4, 2003, a hearing was held by the ALJ. The plaintiff was represented by counsel at this hearing. (Tr. 15-29.) The ALJ issued an unfavorable ruling on March 18, 2003

deciding that the plaintiff was not disabled within the meaning of the Act. (Tr. 6-13.) The plaintiff then requested a review of the hearing by the Appeals Council (Tr. 5), which denied that request on July 9, 2003 (Tr. 2-4); thus, the ALJ's decision became the final action of the Commissioner. The plaintiff then filed a complaint in this court, which reversed the decision of the Commissioner and remanded the matter for further development of the record. On remand, we noted that none of plaintiff's treating physician for her vision difficulties had completed a Residual Functional Capacity (RFC) for the plaintiff. We held as follows:

> We believe remand is necessary so that the record can be further developed regarding plaintiff's physical RFC. On remand, the ALJ is directed to address interrogatories to Dr. Singleton and Dr. Brown asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the relevant time periods in question; and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis.

(Tr. 214.)

On remand, Dr. Craig Brown signed, dated, and returned the Medical Assessment of Ability to Perform Work-Related Activities (Physical), however, Dr. Brown did not make any assessments on this form. Notably, this form concerns a claimant's ability to lift, carry, sit, stand, use hands and feet, as well as other physical limits such as climbing, crawling, hearing and speaking, but it does not address visual limitations at all. The instructions included with the assessment state that the doctor should leave blank any area in which the doctor does not have an opinion. (Tr. 246.)

Dr. Singleton stated in a letter to the Office of Hearings and Appeals, that "[t]he medical assessment of ability to perform work related physical activities you sent for me is concerned with orthopedic evaluation that I am not qualified to perform." Dr. Singleton then enclosed

further medical records concerning the treatment plaintiff received for her visual limitations. These records reflect that on March 10, 2003, plaintiff underwent cataract surgery in her left eye. After that surgery, plaintiff had corrected 20/25 vision in her right eye and 20/40-1 in her left eye with 20/20 near vision. (Tr. 247.)

A remand hearing was held on March 1, 2005. (Tr. 279.) Plaintiff was represented by counsel at this hearing. At the hearing, plaintiff amended her petition to ask for a closed period of disability from January 4, 2002 to March 10, 2003, the date of plaintiff's cataract surgery. (Tr. 281.) Plaintiff testified about her past relevant work, which included that of a bookkeeper. (Tr. 282-290.) Plaintiff testified about her visual conditions and described the time line for the treatments she received for the floater she experienced in her left eye and the detached retina for which she underwent surgery in January 2002.

In the initial decision, the ALJ found that plaintiff retained the RFC for "only that work which is not precluded by an individual without stereoscopic vision." (Tr. 12.) Using the same medical evidence, in the remand decision, the ALJ found that plaintiff retained the RFC for "only that work which is not precluded by an individual with the following visual restrictions: in the right eye, 20/25 vision, with a floater that sometimes requires the individual to move the head or eye to see clearly, but this person's vision would clear after doing so; and, in the left eye, 20/50 vision, with double vision caused by problems in the left eye corrected by wearing an eyepatch, but with a resultant loss of depth perception." (Tr. 197.) Based on the changed RFC, the ALJ found that plaintiff could not perform her past relevant work. (Tr. 199.) The ALJ further found that plaintiff could not perform a full-range of medium work, however the ALJ determined that there were significant jobs in the economy, such as sedentary and skilled bookkeeper, medium

AO72A
(Rev. 8/82)

and unskilled janitor, and medium and unskilled maid/housekeeper, that plaintiff could perform. (Tr. 198-199.) Therefore, the ALJ determined that plaintiff was not disabled from the onset date until March 10, 2003. (Tr. 200.)

The plaintiff filed her complaint with this court on July 25, 2005, seeking judicial review of that decision. (Doc. 1.) Both parties have filed appeal briefs with the court. (Docs. 4-5.) This case is before the undersigned pursuant to the consent of the parties. (Doc. 2.)

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v.*

-4-

*Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## Discussion

In the prior case, we held that there was insufficient evidence to support the ALJ's RFC determination, and remanded the case in order for the record to be further developed regarding the plaintiff's RFC. As part of that development, we directed the ALJ to address interrogatories to Dr. Singleton and Dr. Brown asking them to review the plaintiff's medical records, to

complete and RFC assessment regarding plaintiff's physical capabilities during the relevant time period, and to give an objective basis for their opinions.

Dr. Singleton and Dr. Brown treated plaintiff for her visual difficulties, however the RFC form sent to Dr. Brown, and presumably to Dr. Singleton, makes no mention whatsoever about visual impairments. Dr. Singleton even went as far as to point out this fact to the Commissioner in a December 8, 2004 letter. (Tr. 247.) There is no evidence in the record that the Commissioner ever sent interrogatories to these doctors as directed by the court.

We noted this to be a situation in which interrogatories to the treating specialist would be extremely beneficial to the comprehension of the claimant's condition. And, as the Eighth Circuit opined:

> [If it was] felt it was important that the medical evidence specifically focus on the [Commissioner's] "Listing of Impairments," fairness required that he submit the interrogatories designed for this purpose to the claimant's physician as well.[1] We have made it clear that the ALJ "is in the peculiar position of acting as an adjudicator while also being charged with developing the facts." *Landess v. Weinberger, supra* at 1189. He or she "has a duty to fairly and fully develop the matters at issue." *Id.* Accordingly, it was incumbent on the ALJ to give both side's doctors an opportunity to specifically address the key question at issue. (footnote omitted).

*Woodard v. Schweiker*, 668 F.2d 370, 374 (8th Cir. 1981).

In response to this direction from the court, the Commissioner states in her brief

> Additions were made to the record at the ALJ's request, but Dr. Singleton and Dr. Brown have appeared to decline to offer a physical status assessment. Dr.

---

[1] This Court has previously suggested that it might be advisable for the Secretary to submit a short set of interrogatories to examining physicians which will require the physician not only to set forth his full detailed opinion as to the extent of disability but also whether in his opinion the claimant was disabled from pursuing substantial gainful activity or, in a widow's case, any gainful activity within the relevant time period of disability. *Landess v. Weinberger*, 490 F.2d 1187, 1189 n. 2 (8th Cir.1974). (footnote in original)

AO72A (Rev. 8/82)

> Singleton provided a letter indicating he was unqualified to perform an orthopedic evaluation as requested (Tr. 247). Dr. Singleton also provided additional evidence of Plaintiff's cataract surgery performed by Dr. Brown on March 10, 2003 (Tr. 247, 248). Dr. Brown provided a signed blank medical assessment of ability to perform work-related activities form (Tr. 246).. The Commissioner notes that Dr. Singleton and Dr. Brown are ophthalmologists and not orthopedics. These additions to the medical evidence of record show the ALJ complied with the District Court's remand order.

(Doc. 5 at 9.)

There is no basis for the Commissioner's assumption that Dr. Singleton and Dr. Brown refused to offer an RFC assessment of plaintiff's condition, rather the form RFC provided to these doctors was not relevant to plaintiff's visual limitations. That is the obvious reason why the doctors have not submitted the ordered RFC on the plaintiff. The Commissioner has not made a good faith effort to comply with this court's directive, and thus this matter must again be remanded. As noted by the Eighth Circuit, the plaintiff's physicians have not been afforded the opportunity to specifically address the key question at issue, that being plaintiff's visual limitations during the relevant time period. No additional evidence has been obtained concerning plaintiff's condition during the relevant time period, and therefore we cannot find that substantial evidence supports the ALJ's findings. On remand, the ALJ is directed to comply with the court's previous directions concerning the development of the record.

**Conclusion:**

Accordingly, we conclude that the decision of the ALJ herein, denying benefits to the Plaintiff, is not supported by substantial evidence of record, and should be reversed. This matter should be remanded to the Commissioner for reconsideration consistent with this opinion.

AO72A
(Rev. 8/82)

DATED this 24th day of July 2006.

                                                  **/s/ Beverly Stites Jones**
                                      _____
                                      HON. BEVERLY STITES JONES
                                      UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**